UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COACH INC., and COACH SERVICES, INC, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ENVY, an unknown business entity, and ) <br> DOES 1-10 inclusive, ) <br> ) <br> Defendants. ) <br> ) <br> _____ ) | 1:11-cv-1029 LJO  GSA <br><br> ORDER VACATING THE CLERK'S ENTRY OF DEFAULT <br><br> ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE <br><br> (Doc. 14) |

**I.  Introduction**

On November 28, 2011, Plaintiffs, Coach Inc., and Coach Services Inc., ("Plaintiffs") filed an Application for Default Judgment against Defendant, Envy ("Defendant") in this action. (Docs. 14-15).  Defendant did not file an opposition to the application.  The hearing scheduled for January 6, 2012 was vacated and the matter was taken under submission pursuant to Local Rule 230 (c) and (g).  Upon a review of the pleadings, Plaintiff's Motion for Default Judgment is DENIED WITHOUT PREJUDICE.

**II.  Procedural History**

On April 9, 2010, Plaintiffs filed a complaint alleging that Coach Inc. is a Maryland corporation with its principal place of business located in New York, New York. (Doc. 1 at ¶ 5).

1

Similarly, Coach Services, a wholly owned subsidiary of Coach, is a Maryland corporation with its principal place of business in Jacksonville, Florida. *Id*.  Plaintiffs allege that Coach manufactures, markets, and sells fine leather and mixed material products, including handbags, wallets, and accessories. *Id*. at ¶ 10. Coach owns the "COACH" trademark and various composite trademarks and assorted components (collectively, "Coach Marks"). *Id*. ¶ at 11. Additionally, Coach owns various copyright registrations, including the Horse and Carriage Mark and the Op Art Mark. *Id*. at ¶ 12. Coach has been manufacturing and selling interstate commerce high quality leather products under the Coach Marks for a long period.  Plaintiffs contend that through this longstanding use, advertising, and registration, the Coach Marks have attained a high degree of consumer recognition and constitute famous marks. *Id*. at ¶ 11.

Plaintiffs allege that counterfeit Coach branded products were observed for sale and purchased from Envy, a retail store located at the Vintage Fair Mall, at 3401 Dale Toad in Modesto, California. *Id*. ¶¶ at 17, 18. Plaintiffs further allege that Coach representatives have inspected the Coach-brand merchandise and confirmed that the merchandise is counterfeit. Moreover, Defendant is not authorized by Coach to manufacture, distribute, advertise, offer for sale, and/or sell merchandise bearing any of Coach's trademarks and/or copyrighted works. *Id*. at ¶¶ 19, 20.

Plaintiffs' complaint asserts claims for: (1) trademark counterfeiting; (2) federal trademark infringement; (3) false designation of origin and false advertising; (4) federal trademark dilution; (5) trademark dilution in violation of the California Business and Professions Code; (6) common law unfair competition; and (7) copyright infringement. *Id*. at ¶¶ 21–83. Plaintiffs seeks the following: an award of Defendant's profits and all damages sustained by Plaintiffs as a result of Defendant's illicit acts; damages pursuant to 15 U.S.C. 1117(a)-(c), 17 U.S.C.,§ 504(b) and (c), and 17 U.S.C. § 505; punitive damages; injunctive relief; as well as interest, costs, and attorney's fees. *Id*. at pgs. 16–17.

Plaintiffs assert that they served Defendant with a copy of the complaint on June 28,

2011. (Doc. 9). The Clerk of the Court entered default on September 15, 2011. (Doc. 12). Plaintiffs filed the instant application on November 28, 2011, and seek judgment in the amount of $100,000.00 in statutory damages, injunctive relief, and costs. (Doc. 14). However, as explained below, the Court finds the service of the summons and complaint is deficient. Accordingly, the Clerk's entry of default is VACATED and Plaintiffs' application for default judgment is DENIED WITHOUT PREJUDICE.

### III. Discussion

*1.    Service of the Summons and Complaint*

"[A] court must first assess the adequacy of the service of process on the party against whom default judgment is requested." *Bricklayers and Allied Craftworkers Local Union No. 3 v. Palomino,* WL 2219595 at * 2  (N.D. Cal. June 2, 2010) (citations omitted). "[B]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l., Ltd. v. Rudolf Wolff & Co.,* 484 U.S. 97, 104, (1987), *superseded by statute on other grounds,* Futures Trading Practices Act of 1992, Pub.L. No. 102-546, § 211, 106 Stat. 3590, 3607-08 (1992); *see also Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.,* 840 F.2d 685, 688 (9th Cir.1988) (stating that a federal court does not have jurisdiction over a defendant unless the defendant has been properly served under Fed. R. Civ. P. 4). Where the party seeking default judgment has not shown that the defendant has been provided with adequate notice of an action, "it is inappropriate to conclude that the defendant 'has failed to plead or otherwise defend' " under Fed. R. Civ .P. 55(a). *See Downing v. Wanchek,* No. 2009 WL 256502, at *3 (E.D.Cal. Jan.30, 2009).

In the request for a Motion for Default Judgment, Plaintiffs contend that Defendant was properly served and default was issued. (Doc. 14-1 at pg. 2). However, a review of the current docket reveals this is mistaken. Federal Rule of Civil Procedure 4(h) in relevant section provides that service of a corporation, partnership, of association, can be achieved in several ways

including:[1]

>(A) in manner prescribed by Rule 4(e)(1) for serving an individual; or
>(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and - if the agent is one authorized by statute and the statute so requires - by also mailing a copy of each to the defendant ...
>Fed. R, Civ. P. 4(h).

Federal Rule of Civil Procedure 4(e) provides that serving a summons upon an individual may be effectuated by following the state law where the district court is located. Fed. R. Civ. P. 4(e).

Under California law, service on an unknown business entity, (which is the case here) may be accomplished by the following :

>CCP 415.95  Service of Summons on a business organization, form unknown
>
>(a) A summons may be served on a business organization, form unknown, by leaving a copy of the summons and complaint during usual office hours with the person who is apparently in charge of the office of that business organization, and by *thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid, to the person to be served at the place where a copy of the summons and complaint was left*. Service of a summons in this manner is deemed complete on the 10th day after the mailing.
>CCP § 415.95.

Here, the proof of service indicates that Envy was served by leaving the summons at Defendant's place of business with "Ninehra Babazade Ehsaralahn-store clerk (E IND., F., 21, BLK, 5'4 130 lbs)." (Doc. 9).   There is no indication that the store clerk is authorized to receive service under F.R. Civ.P. 4(h).  Similarly, service was not effectuated under CCP § 415.95 as there is no evidence that the summons and complaint were subsequently mailed pursuant to the statute.[2]  Accordingly, the Clerk's entry of default was improper and will be VACATED. Plaintiffs shall properly serve the summons and complaint, file proof of the service, and  request default from the Clerk no later than 30 days from the issuance of this order.

---

[1] It is questionable whether this provision applies since the complaint names Envy as an unknown business entity.

[2] The proof of service also does not have a caption at the top of the document. (Doc. 9).

*2. Remedies*

Factors which courts should consider in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  *Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir. 1986). The Court must also conduct a damages award analysis.  *See*, Fed. R. Civ. P. 55(a)(2).

In the application, Plaintiffs have requested damages based on the trademark infringement and counterfeiting claim pursuant to 15 U.S.C. § 1117(a)-(c). Under § 1117(a), a registered mark holder may recover: (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action, subject to the principles of equity.  Section 1117(c) permits a plaintiff to elect statutory damages, instead of actual damages and profits, in cases involving the use of a counterfeit mark in connection with the sale of goods.   Plaintiffs who elect statutory damages may recover "not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c)(1).  Additionally, in cases where the defendant's conduct is willful, a court may enhance the statutory damages award to an amount "not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c)(2). If a plaintiff elects to recover statutory damages, the court has wide discretion in determining the amount of statutory damages to be awarded. *Coach Inc. v. Diana Fashion*, 2011 WL 6182332 *5-6 ( N.D. Cal. December 13, 2011) (citing *Chanel, Inc. v. Lin*, 2010 WL 2557503 (N.D.Cal. May 7, 2010) (citing *Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham*, 259 F.3d 1186, 1194 (9th Cir.2001)).

Section 1117(c) does not give any specific guidance as to how a court should determine an appropriate statutory damages award.  However, when determining the appropriate amount of

5

statutory damages to award under § 1117(c), some courts have considered factors that are applied under a corresponding section of the Copyright Act including: (1) the expenses saved and the profits reaped by the defendant; (2) the revenues lost by the plaintiff; (3) the value of the copyright; (4) the deterrent effect on others besides the defendant; (5) whether the defendant's conduct was innocent or willful; (6) whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced; and (7) the potential for discouraging the defendant. *See*, e.g., *Microsoft Corp. v. Nop*, 549 F.Supp.2d 1233, 1237–38 (E.D.Cal.2008); *Tiffany (NJ) Inc. v. Luban*, 282 F.Supp.2d 123, 125 (S.D.N.Y.2003) (quoting *Fitzgerald Pub. Co., Inc. v. Baylor Pub. Co.*, 807 F.2d 1110, 1117 (2d Cir.1986); *See also, Microsoft Corp. v. PC Express*, 183 F.Supp.2d 448, 454 (D.P.R.2001) (listing same factors).

      Here, Plaintiffs have requested a judgement of $100,000.00 in statutory damages under 15 U.S.C.§ 1117(c). However, they have not provided the Court with any evidence that this damages award is proper. The only evidence Plaintiff has submitted is a declaration from its counsel, Brent Blakely, that provides generic information regarding the service of the complaint, as well as other general information regarding the application for default judgment. (Doc. 14 -1 at pgs. 2-3). Similarly, the complaint only makes broad allegations that an investigator obtained products containing the counterfeit reproductions of the word mark "COACH," in addition to Coach's other trademarks from Envy. (Doc. 1, ¶¶ 17-20). There is no evidence, for example, regarding what products in particular were obtained, the value of the items, the presence of other products in the store, or how the introduction of these products into the market specifically effected Coach's profit. Plaintiffs' statements that they do not have information as to how many goods were sold, or the amount of revenues lost by Plaintiffs because Defendant failed to appear in this action, is not sufficient to support a $100,000.00 damage request. (Doc. 14 at pg. 12). Plaintiffs are reminded that it is their burden to establish the relief they are seeking.

      Finally, it appears that Plaintiff are only seeking judgment based on trademark counterfeiting which is the first cause of action. Any Amended Motion for Default Judgment

shall address whether Plaintiff will be dismissing any causes of action that are not addressed in the amended pleading. Plaintiffs shall file the appropriate dispositive documents dismissing any causes of action it no longer intends to pursue.

### IV.     Conclusion

Based on the foregoing, Plaintiff's Motion for Default Judgment is DENIED WITHOUT PREJUDICE.  It is further order that Plaintiff shall file proof of proper service of the summons and complaint on Defendant and request an entry of default within **thirty (30)** days of the date of this order.  Similarly, Plaintiff shall file an amended Motion for Default Judgment remedying the deficiencies outlined above within **sixty (60)** days from the date of this order.  Plaintiff is advised that any causes of action not adequately addressed in the second Motion for Default Judgment will result in dismissal of those claims for failure to prosecute.

IT IS SO ORDERED.

**Dated:   January 10, 2012**                                /s/ **Gary S. Austin**
                                                              UNITED STATES MAGISTRATE JUDGE

7